**FILED**

December 28, 2011

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003981747

Dennis B. Hill - SBN 218131
D.B. HILL, A PROFESSIONAL LAW CORPORATION
354 F Street
Lincoln, CA 95648

Ph: 916-434-2553

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>TERENCE ALAN LOTT<br><br>JANIS DEE LOTT<br><br>Debtors | Case No. 2011-48953<br>Hearing Date: January 18, 2012<br>Hearing Time: 9:30 a.m.<br>Department: 35<br><br>Honorable Christopher M. Klein<br>Document Control No.: DCN-01 |

## MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTORS' BUSINESS

Dennis B. Hill of D.B. Hill, A Professional Law Corporation, on behalf of Terence Alan Lott and Janis Dee Lott, the Debtors herein, hereby moves this Court for an Order Compelling Abandonment of the Estate's interest in the Debtors' Business. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on December 15, 2011. Sheri Carello was duly appointed to serve as Trustee.

2. As shown in the filed schedules of this case, the Debtors operate a business, NEWSBEAT. Said business is located at 514 3rd Street, Davis, CA 95616.

3. The Debtors' tools of the trade, equipment, accounts receivable (if any) and other business-related assets (hereinafter, "BUSINESS ASSETS") have been disclosed in detail in the filed Schedules A and B (see exhibit #1 attached hereto) and consist of secured inventory, exempt display cases and other exempt business fixtures and

Motion to Compel

1

equipment used in petitioners' news stand business. The Debtors have placed values on these assets in the aggregate total of $28,635.00.

4. As shown in Schedule D (See exhibit #1 attached hereto), the Debtors assert that certain Creditors hold liens against some of the BUSINESS ASSETS.

5. As shown in Schedule C (see exhibit #1 attached hereto), the Debtors have claimed exemptions totaling $9,979.00 against the unsecured values of the BUSINESS ASSETS.

6. In summary

   a. Gross value of BUSINESS ASSETS ................................................... $28,635.00

   b. Liens against the BUSINESS ASSETS ............................................... -$18,654.00

   c. Gross Equity.......................................................................................... $9,981.00

   d. Exemptions claimed on the BUSINESS ASSETS ............................... -$9,979.00

   e. Net value of BUSINESS ASSETS to the estate ........................................... $2.00

7. The Debtors assert that there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above (a) the liens, if any, in Schedule D attaching to the business-related assets and (b) the exemptions, if any, in Schedule C claimed by the Debtors.

8. The Debtors are aware that, under the provisions of Title 11, US Codes §721, only the Trustee has the authority to operate the Debtors' business; and then, only with an order of the Court. Otherwise, the Trustee is obliged to shut down the business or abandon the estate's interest in the business.

9. However, the Debtors assert that, based on the lack of any unexempt equity in any business-related asset, equipment or inventory, there is no benefit to the estate to either operating OR shutting down this business.

10. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtors, to file a motion seeking to compel the Trustee to abandon property of the estate.

Wherefore, the Debtors move this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in the Debtors' Business.

Respectfully submitted on December 28, 2011.

/s/ *Dennis B. Hill*
Dennis B. Hill
D.B. Hill, A Professional Law Corporation